UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

SHERRY FLOYD,

    Plaintiff,

v.

WAFFLE HOUSE, INC.,
WAFFLE HOUSE #496, and
JOHN/JANE DOE,

    Defendants.
_____

## DEFENDANT'S NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE

Defendants, WAFFLE HOUSE, INC., and WAFFLE HOUSE #496, ("Defendants"),[1] by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby file this Notice of Removal, and state as follows:

1. The present case currently is pending in the Circuit Court of the Twenty-Sixth Judicial Circuit in and for Madison County, Tennessee, as Docket No. C-21-294. A copy of the Summons and Complaint are attached collectively hereto as **Exhibit "A."**

---

[1] By seeking removal to ensure compliance with the federal statutory deadlines, Defendant, Waffle House, Inc., does not admit it is correctly named as the Defendant in this matter, as Plaintiff's Complaint identifies the wrong incident location and the incident that occurred involving Plaintiff was at a restaurant operated by Waffle House, Inc.'s wholly owned subsidiary, Mid South Waffles, Inc. As set forth in more detail herein though, both Waffle House, Inc. and Mid South Waffles, Inc. are diverse from Plaintiff.

1

2. This Court has original jurisdiction over this action pursuant to its diversity jurisdiction, 28 U.S.C. § 1332. Under that section, this Court has jurisdiction based upon complete diversity of citizenship between the parties, as follows:

   a. Upon information and belief, Plaintiff, SHERRY FLOYD, is a resident of the county of McNairy, Tennessee and presumed to be citizen the State of Tennessee. (See **Exhibit A**, ¶ 1.) Although one's residency is not synonymous with one's domicile or citizenship, there is a presumption that one's residence is their domicile, and a presumption also exists that a person's domicile continues to be that person's domicile until that party proves that his domicile has changed. Mitchell v. United States, 88 U.S. 350, 353 (1874) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); McDougald v. Jenson, 786 F.2d 1465, 1483 (11th Cir. 1986); Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966).  Here, Plaintiff's residence is McNairy County, Tennessee, and the presumptions apply such that Plaintiff is deemed a citizen of the State of Tennessee.

   b. Defendant, WAFFLE HOUSE, INC., is a citizen of the State of Georgia, in that its state incorporation is Georgia with its principal place of business located at 5986 Financial Drive, Norcross, GA 30071. (See Defendant's Annual Registration Filing with the Georgia Secretary of State, attached hereto as **Exhibit "B"**.)

    c. Defendant, WAFFLE HOUSE #496, is not a legal entity to be a proper party Defendant in the subject litigation. To the extent it is named as party Defendant at the time of the removal, this restaurant is operated by Mid South Waffles, which is diverse from Plaintiff as noted above in Paragraph 2.d., supra.

    d. The incident described by Plaintiff in Plaintiff's Complaint occurred at the Waffle House restaurant located at 1724 S. Highland Avenue in Jackson, TN 38301. This restaurant is operated by Waffle House, Inc.'s wholly owned subsidiary, Mid South Waffles, Inc. Mid South Waffles, Inc. is a citizen of the State of Georgia, in that its state incorporation is Georgia with its principal place of business located at 5986 Financial Drive, Norcross, GA 30071. (See Defendant's Annual Registration Filing with the Georgia Secretary of State, attached hereto as **Exhibit "C"**.)[2]

    e. The amount in controversy exceeds the minimum sum of seventy-five Thousand Dollars ($75,000.00), exclusive of interest and cost. See 28 U.S.C. § 1332(a).

3.     As to the amount in controversy, Plaintiff's Complaint states that Plaintiff is seeking actual and compensatory damages of up to $300,000. (See Exhibit A.)

---

[2] This restaurant location is also within Madison County, so the same federal court venue is appropriate.

3

4. This Notice of Removal is being filed within thirty (30) days after the receipt by Defendants, through service or otherwise, of a copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which removal is based. (See Exhibit A.)

5. The only process and pleadings served upon Defendants are attached to this Notice of Removal as Exhibit A.

6. Under the provisions of 28 U.S.C. § 1441, the right exists to remove this action from the Circuit Court of the Twenty-Sixth Judicial Circuit in and for Madison County, Tennessee to the United States District Court for the Western District of Tennessee, which embraces the place where this action is pending. See 28 U.S.C. § 1441(a).

7. Defendants filed with the Clerk of the Circuit Court of the Twenty-Sixth Judicial Circuit in and for Madison County, Tennessee, a Notice to State Court of Defendant's Filing Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to is attached hereto as **Exhibit "D."**

8. The properly joined and served Defendants consent to the removal of the case and to the filing of this Notice of Removal, as evidenced by the signature of their counsel. Plaintiff also identified an "John/Jane Doe," which is a fictitious or John Doe party-defendant. (See Exhibit A.) Only "properly joined and served" defendants are considered for purposes of removal. 28 U.S.C. § 1441(b)(2). Additionally, fictitious or John Doe defendants are disregarded in determining the existence of diversity for the purpose of removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

9. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. C-21-294 now pending in the Circuit Court of the Twenty-Sixth Judicial Circuit in and for Madison County, Tennessee be removed to this Federal Court.

Respectfully submitted this <u>5th</u> day of January, 2022.

                                      MOORE INGRAM JOHNSON & STEELE, LLP

                                      *s/Charles E. Pierce*
                                      CHARLES E. PIERCE
                                      Tennessee Bar No.: 25637
                                      Attorney for Defendants
                                      408 N. Cedar Bluff Road, Suite 500
                                      Knoxville, TN 37923
                                      (865) 692-9039
                                      cepierce@mijs.com

CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the foregoing was duly served upon Plaintiff's counsel of record herein by mailing a copy of same, postage prepaid, via First Class U.S. Mail, addressed as follows:

>Ashley Scheurman Bennett
>Schuerman Smith and Associates, PLLC
>1027 S. Yates Road
>Memphis, TN 38119

This 5th day of January, 2022.

>*s/Charles E. Pierce*
>Charles E. Pierce